# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| SATCO PRODUCTS, INC._____*Plaintiff,*_____v._____SIGNIFY NORTH AMERICA CORP. and SIGNIFY NETHERLANDS B.V._____*Defendants,*_____and_____SIGNIFY NORTH AMERICA CORP. and SIGNIFY HOLDING B.V._____*Counterclaim-Plaintiffs,*_____v._____SATCO PRODUCTS, INC._____*Counterclaim-Defendant.* | Civil Action No. 6:21-cv-00146-ADA**JURY TRIAL DEMANDED** |

## PLAINTIFF'S OPENING BRIEF IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS COUNTERCLAIMS

# **TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................................. 1

II. STATEMENT OF FACTS .................................................................................................... 2

    A. The First Action ............................................................................................................2

    B. The Second Action ........................................................................................................2

III. LEGAL STANDARDS ......................................................................................................... 3

    A. The Rule Against Claim Splitting .................................................................................3

    B. The Rule of First-to-File ...............................................................................................4

IV. ARGUMENT ......................................................................................................................... 5

    A. Signify Cannot Maintain Two Actions Involving The Same Claims ...........................5

    B. Fifth Circuit Precedent Requires Deference To The First-Filed Court .........................6

    C. Signify Has No Legitimate Reason To Change Venue After 18 Months of Active Litigation .......................................................................................................................7

V. CONCLUSION ...................................................................................................................... 8

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Adaptix, Inc. v. AT&T Mobility LLC*,
  No. 6:12-CV-17, 2015 U.S. Dist. LEXIS 197486 (E.D. Tex. May 12, 2015) ........................ 3, 4

*Ahmad v. ZT Grp. Int'l, Inc.*,
  No. A-14-CA-1101-SS, 2015 U.S. Dist. LEXIS 8172 (W.D. Tex. Jan. 23,
  2015) ........................................................................................................................................ 4

*Ameritox, Ltd. v. Aegis Scis. Corp.*,
  No. 3:08-CV-1168-D, 2009 U.S. Dist. LEXIS 13305 (N.D. Tex. Feb. 9, 2009) ................. 5, 6

*Cadle Co. v. Whataburger of Alice, Inc.*,
  174 F.3d 599 (5th Cir. 1999) ........................................................................................ *passim*

*Friends of the Earth, Inc. v. Crown Cent. Petroleum Corp.*,
  95 F.3d 358 (5th Cir. 1996) ..................................................................................................... 1

*Gateway Mortg. Grp., L.L.C. v. Lehman Bros. Holdings, Inc.*,
  694 F. App'x 225 (5th Cir. 2017) ............................................................................................ 6

*Gustafson, Inc. v. Novartis Crop Prot.*,
  No. 3:98-CV-0689-D, 1998 U.S. Dist. LEXIS 17899 (N.D. Tex. Nov. 5,
  1998) ........................................................................................................................................ 6

*Harrington v. AT&T Servs.*,
  No. SA-21-CV-00012-JKP, 2021 U.S. Dist. LEXIS 90008 (W.D. Tex. May
  11, 2021) .............................................................................................................................. 3, 6

*Hogue v. Royse City*,
  939 F.2d 1249 (5th Cir. 1991) ................................................................................................. 1

*Mann Mfg. Inc. v. Hortex, Inc.*,
  439 F.2d 403 (5th Cir. 1971) ................................................................................................... 7

*Oliney v. Gardner*,
  771 F. 2d 856 (5th Cir. 1985) .................................................................................................. 1

*Orion IP, LLC v. Home Depot USA, Inc.*,
  No. 2:05-CV-306, 2005 U.S. Dist. LEXIS 45632 (E.D. Tex. Oct. 7, 2005) ........................... 5

*Peteet v. Dow Chemistry Company*,
  868 F.2d 1428 (5th Cir. 1989) ................................................................................................. 7

*In re Radmax*,
   720 F.3d 285 (5th Cir. 2013) ..................................................................................................7

*Saldivar v. Austin Indep. Sch. Dist.*,
   No. A-15-CA-00847-SS, 2016 U.S. Dist. LEXIS 176598 (W.D. Tex. Dec. 20,
   2016) ...............................................................................................................................3, 4, 5, 6

*Save Power Ltd. v. Syntek Fin. Corp.*,
   121 F.3d 947 (5th Cir. 1997) ..................................................................................................6

*In re SK Hynix Inc.*,
   47 F. App'x 847 (Fed. Cir. 2021) ............................................................................................7

*Sutter Corp. v. P & P Indus., Inc.*,
   125 F.3d 914 (5th Cir. 1997) ..................................................................................................6

*Thomas v. Beaumont Indep. Sch. Dist.*,
   No. 1:15-CV-112, 2016 U.S. Dist. LEXIS 30934 (E.D. Tex. Feb. 12, 2016) ..........................1

*Truinject Corp. v. Nestlé S.A.*,
   No. 4:20-cv-457, 2020 U.S. Dist. LEXIS 215392 (E.D. Tex. Nov. 18, 2020) .........................5

*W. Gulf Mar. Ass'n. v. ILA Deep Sea Local 24*,
   751 F.2d 721 (5th Cir. 1985) ...............................................................................................2, 6

**I.     INTRODUCTION**

In October 2019, Signify North America Corp. and Signify Holding B.V. (collectively, "Signify") filed a lawsuit against Satco Products, Inc. ("Satco") in the Eastern District of New York ("EDNY"), alleging infringement of seven patents. Signify and Satco have been actively litigating the case in EDNY since then. Nonetheless, after Satco filed the current lawsuit, Signify chose to file counterclaims in this case asserting the same seven patent infringement claims it was already pursuing against Satco in EDNY. Two days later, Signify told Satco that it believed that these seven claims "should go forward in W.D. Tex." instead of in EDNY.

Signify's seven re-filed patent claims should be dismissed from this case because the law does not permit Signify to maintain two actions involving the same claims. *See Oliney v. Gardner*, 771 F. 2d 856, 859 (5th Cir. 1985) (explaining that a "prior pending action" is grounds for dismissal of the second action "as there is no reason why courts should be bothered or litigant harassed with duplicating lawsuits"); *see also Friends of the Earth, Inc. v. Crown Cent. Petroleum Corp.*, 95 F.3d 358, 362 (5th Cir. 1996) ("When a plaintiff files a second complaint alleging the same cause of action as a prior, pending, related action, the second complaint may be dismissed"); *Hogue v. Royse City*, 939 F.2d 1249, 1255 (5th Cir. 1991) (stating that "it is well settled that a litigant may not ordinarily split his claim and have two trials on the same alleged breach of duty"); *Thomas v. Beaumont Indep. Sch. Dist.*, No. 1:15-CV-112, 2016 U.S. Dist. LEXIS 30934, at *11 (E.D. Tex. Feb. 12, 2016) (finding the case "must be dismissed under the doctrine of claims-splitting").

Additionally, Signify's seven re-filed infringement claims should be dismissed from this case because the case in EDNY is the first-filed case—by 18 months. Under Fifth Circuit precedent, when the same claim is pending before two different courts, it is "no longer up to the second court to resolve the question of whether both should be allowed to proceed." *Cadle Co. v. Whataburger of Alice, Inc.*,

1

174 F.3d 599, 605 (5th Cir. 1999) (citing *Mann Mfg. Inc. v. Hortex, Inc.*, 439 F.2d 403, 408 (5th Cir. 1971)); *see also W. Gulf Mar. Ass'n. v. ILA Deep Sea Local 24*, 751 F.2d 721, 730 (5th Cir. 1985) (same). That determination is "reserved only for the first-filed court." *Cadle*, 174 F.3d at 605. Allowing Signify's re-filed infringement claims to proceed here would violate controlling precedent and encroach on the authority of another court.

## II.  STATEMENT OF FACTS

### A.  The First Action

On October 30, 2019, Signify filed a complaint in the Eastern District of New York, accusing Satco of infringing seven Signify patents. *Signify et. al. v. Satco Prods. Inc.*, No. 2:19-cv-6125-JMA-SIL (the "First Action"), Dkt. 1. Since then, parties have been actively litigating the First Action, including exchanging contentions and appearing at 14 hearings (First Action, Dkt. 32, 36, 40, 51, 58, 67, 71, 106, 114, 135, 144, 149, 150, 153). The Court has held a full-day *Markman* hearing, and has scheduled the remainder of the Markman hearing on June 17, 2021. (First Action, Dkt. 153 and Scheduling Order dated May 5, 2021.)

### B.  The Second Action

Satco filed the current case against Signify on February 12, 2021, alleging three counts of patent infringement. (Dkt. 1.) This case (the "Second Action") is wholly unrelated to the First Action. Signify filed its Answer and Counterclaims on May 17, 2021. (Dkt. 19.) Signify's counterclaims included ten patent infringement claims against Satco. (*Id*.) Seven of those patent infringement counterclaims (Counterclaims 7-13) are copied from the complaint Signify filed against Sacto in EDNY in October 2019. (Ex. 1 (redline comparison of ¶¶ 96-201 of the First Action Complaint and ¶¶ 40-145 of the Second Action Counterclaims).)

Two days after filing the Counterclaims, Signify's counsel sent an email to Satco's counsel, confirming that in its Counterclaims it has asserted "infringement on all seven of the patents that are asserted in the E.D.N.Y. case." (First Action, Dkt. 157-1.) The email also states "[g]iven Satco's choice of venue is W.D. Tex and in light of the ongoing judicial crisis in EDNY as explained at the *Markman* hearing, Signify believes that the case should proceed in W.D. Tex." (*Id.*)

Satco informed Signify that Satco opposes moving the EDNY case to the Western District of Texas ("WDTX"), and indicated that Satco would move to dismiss the duplicative counterclaims in WDTX. (First Action, Dkt. 156 at 1.) Signify then filed a letter requesting a pre-motion conference in EDNY on May 24, 2021, seeking to move to (1) stay the EDNY action pending resolution of this (anticipated) motion to dismiss; or alternatively (2) transfer the EDNY action to this Court. (First Action, Dkt. 156.) Satco opposes the proposed motions in EDNY. (First Action, Dkt. 157.)

## III. LEGAL STANDARDS

### A. The Rule Against Claim Splitting

"The rule against claim splitting is related to the doctrine of claim preclusion, which prohibits a plaintiff from litigating a claim that 'could and should' have been brought in an earlier suit where a court of competent jurisdiction renders a final judgment on the merits." *Saldivar v. Austin Indep. Sch. Dist.*, No. A-15-CA-00847-SS, 2016 U.S. Dist. LEXIS 176598, at *4 (W.D. Tex. Dec. 20, 2016). But unlike claim preclusion, the rule against claim splitting "does not require a final judgment" in the first action. *Id.* (citing *Friends of the Earth,* 95 F.3d 358 at 362). The purpose of the rule against claim splitting is to "protect the defendant from being harassed by repetitive actions based on the same claim." *Id.* (citing *Super Van v. City of San Antonio*, 92 F.3d 366, 371 (5th Cir. 1996)); *Harrington v. AT&T Servs.*, No. SA-21-CV-00012-JKP, 2021 U.S. Dist. LEXIS 90008, at *8 (W.D. Tex. May 11, 2021); *Adaptix, Inc. v. AT&T Mobility LLC*, No. 6:12-CV-17, 2015 U.S. Dist. LEXIS 197486, at *31

(E.D. Tex. May 12, 2015). Regional circuit law applies in analyzing the issue of claim-splitting. *Id.* at *32-37 (citing *Mars, Inc. v. Nippon Conlux Kabushiki-Kaisha*, 58 F.3d 616, 618 (Fed. Cir. 1995)).

In the Fifth Circuit, "the crux of the claim-splitting inquiry is whether 'the two actions were based on the same nucleus of operative facts'." *Saldivar*, 2016 U.S. Dist. LEXIS 176598, at *5 (quoting *Eubanks v. F.D.I.C.*, 977 F.2d 166, 171 (5th Cir. 1992)). And the second suit "will be barred if the claim involves the same parties and arises out of the same transaction or series of transactions as the first claim." *Id*. (internal quotations and citations omitted). In determining whether two causes of action for patent infringement are identical, the court should consider "the overlap of the product or process accused in the instant action with the product or process accused in the prior action. If the products or processes are essentially the same, then claim preclusion may apply." *Adaptix*, 2015 U.S. Dist. LEXIS 197486, at *37.

**B.    The Rule of First-to-File**

"Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Cadle*, 174 F.3d at 603 (citing *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997) and *W. Gulf Maritime Ass'n*, 751 F.2d at 728). This rule "rests on principles of comity and sound judicial administration" and aims to "avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *Id.* "'In the absence of compelling circumstances the court initially seized of a controversy should be the one to decide whether it will try the case.'" *Ahmad v. ZT Grp. Int'l, Inc.*, No. A-14-CA-1101-SS, 2015 U.S. Dist. LEXIS 8172, at *3 (W.D. Tex. Jan. 23, 2015) (quoting *Mann Mfg.*, 439 F.2d at 407).

4

The first-to-file rule not only determines which court may decide the merits of substantially similar issues, but also establishes "which court may decide whether the second suit filed must be dismissed, stayed or transferred and consolidated." *Cadle*, 174 F.3d at 606 (internal quotation and citation omitted). In other words, "'[o]nce the likelihood of a substantial overlap between the two suits has been demonstrated, it is [] no longer up to the second filed court to resolve the question of whether both should be allowed to proceed.'" *Id*. at 605-606 (quoting *Mann Mfg*, 439 F.2d at 407). The second-filed court has a "limited role" which is "to determine whether there is substantial overlap between the two suits." *Truinject Corp. v. Nestlé S.A.*, No. 4:20-cv-457, 2020 U.S. Dist. LEXIS 215392, at *9 (E.D. Tex. Nov. 18, 2020). And once it is determined that the two cases substantially overlap, the balancing determination is "reserved only for the first-filed court." *Cadle*, 174 F.3d at 605.

## IV.    ARGUMENT

### A.    Signify Cannot Maintain Two Actions Involving The Same Claims

It is a well-settled judicial principle that a party cannot maintain two actions involving the same claims. Under the doctrine against claim splitting, the second suit will be barred if the claim (1) involves the same parties and (2) arises out of the same transaction or series of transactions as the first claim. *Saldivar*, 2016 U.S. Dist. LEXIS 176598, at *5; *Ameritox, Ltd. v. Aegis Sciences Corp.*, No. 3:08-CV-1168-D, 2009 U.S. Dist. LEXIS 13305, at *4 (N.D. Tex. Feb. 9, 2009). Here, both elements are admitted by Signify. (*See* First Action, Dkt. 157-1.) In both cases, Signify North America Corp. and Signify Holding B.V. brought patent infringement claims against Satco. (*See* First Action, Dkt. 1; Second Action Counterclaims 7-13 (Dkt. 19 at 33-69).) And in both cases, the exact same claims are asserted against Satco—Signify copied the claims from its EDNY Complaint and included them in the Counterclaims it filed here. (Ex. 1 (redline comparison of the First Action Claims 1-7 and the Second Action Counterclaims 7-13).) The Court should thus dismiss Counterclaims 7 through 13 because they involve "nothing new." *Orion IP, LLC v. Home Depot USA, Inc.*, No. 2:05-CV-306, 2005 U.S. Dist.

LEXIS 45632, at *3 (E.D. Tex. Oct. 7, 2005). Further, because the EDNY action has been and will continue to move forward, the duplicative Counterclaims should be dismissed here to avoid parallel litigation and waste of judicial resources. *See Saldivar*, 2016 U.S. Dist. LEXIS 176598, at *8 (granting motion to dismiss under the doctrine of claim splitting); *Harrington*, 2021 U.S. Dist. LEXIS 90008, at *11 (same); *Ameritox*, 2009 U.S. Dist. LEXIS 13305, at *17-19 (same).

### B. Fifth Circuit Precedent Requires Deference To The First-Filed Court

To allow Signify's seven duplicative counterclaims to remain in suit would be contrary to Fifth Circuit precedent, which mandates that when the same cause of action is pending before two different courts, it is "'no longer up to the second court to resolve the question of whether both should be allowed to proceed'." *Cadle*, 174 F.3d at 605 (quoting *Mann Mfg*, 439 F.2d at 408); *W. Gulf Maritime Ass'n*, 751 F.2d at 730 (same); *Gustafson, Inc. v. Novartis Crop Prot.*, No. 3:98-CV-0689-D, 1998 U.S. Dist. LEXIS 17899, at *4 (N.D. Tex. Nov. 5, 1998) (dismissing second-filed action applying the first-to-file rule). That determination is "reserved only for the first-filed court." *Cadle*, 174 F.3d at 605. Failing to apply the first-to-file rule absent compelling circumstances has been found an "abuse of discretion." *E.g.*, *Save Power*, 121 F.3d at 949-50; *Sutter Corp. v. P & P Indus., Inc.*, 125 F.3d 914, 920 (5th Cir. 1997).

This very issue—i.e., where these duplicative claims should be litigated—is currently pending in front of EDNY as the subject of Signify's pre-motion conference letter and Satco's response (First Action, Dkt. 156, 157), and the first-to-file rule dictates that the first-filed court must resolve the issue. *W. Gulf Maritime Ass'n*, 751 F.2d at 729 ("[A] district court may dismiss an action where the issues presented can be resolved in an earlier-filed action pending in another district court."); *Gateway Mortg. Grp., L.L.C. v. Lehman Bros. Holdings, Inc.*, 694 F. App'x 225, 226 (5th Cir. 2017) (affirming district court's dismissal of claims under the first-to-file rule); *Gustafson,* 1998 U.S. Dist. LEXIS 17899, at *4

6

(dismissing second-filed action applying the first-to-file rule). Thus, Signify's seven duplicative counterclaims should be dismissed.

### C. Signify Has No Legitimate Reason To Change Venue After 18 Months of Active Litigation

The first-to-file rule gives the first-filed court priority absent any "compelling circumstances" that counsel against application of the rule. *Mann Mfg.*, 439 F.2d at 407. In making the "rare" move to change venue after eighteen months of active litigation, *In re Radmax*, Ltd., 720 F.3d 285, 289 (5th Cir. 2013) (discussing *Peteet v. Dow Chemistry Company* where a motion to transfer was filed "eighteen months" late, 868 F.2d 1428, 1436 (5th Cir. 1989)), Signify has provided two explanations that appear to be mere pretext and in any event do not rise to the level of "compelling circumstances" that warrants deviation from the first-to-file rule. *Mann Mfg.*, 439 F.2d at 407.

Signify first asserts that, because Satco filed the current action in WDTX, WDTX is Satco's "choice of venue" for Signify's seven infringement claims (First Action, Dkt. 157-1; *see also* First Action, Dkt. 156.) That is incorrect. The fact that Satco chose WDTX to file its affirmative patent infringement claims does not mean that Satco "automatically consented" to being sued in WDTX for unrelated matters. *In re SK Hynix Inc.*, 47 F. App'x 847, 851 (Fed. Cir. 2021) (denying mandamus and finding district court did not abuse its discretion in denying transfer). And Satco's affirmative patent infringement claims indeed have nothing to do with Signify's re-filed Counterclaims—they have no overlap in patent family, inventor, or accused products. (*Compare* Dkt. 1 and Dkt. 19 (Counterclaims 7-13).)

Signify then asserts that EDNY is in a purported "judicial crisis" resulting from judicial vacancies and the COVID-19 pandemic. (First Action, Dkt. 157-1; *see also* First Action, Dkt. 156 at 2.) But the EDNY case has been progressing efficiently and is set to resume the *Markman* hearing in ten days. (*See* First Action, Scheduling Order dated May 5, 2021.) In any event, the potential of delay

7

does not constitute "compelling circumstances" sufficient to justify deviating from the doctrine of first-to-file, especially when Signify itself has delayed 18 months in seeking to change the forum that it has initially chosen.

## V.     CONCLUSION

The Court should dismiss Signify's Counterclaims 7 through 13 under the rule against claim-splitting and the rule of first-to-file.

Dated: June 7, 2021                                   Respectfully submitted,

By: /s/ Janis E. Clements
Janis E. Clements
Texas Bar. No. 04365500
GREENBERG TRAURIG, LLP
300 West 6th Street, Suite 2050
Austin, TX 78701
Telephone: (512) 320-7200
Facsimile: (512) 320-7210
Email: clementsj@gtlaw.com

Scott Bornstein (*pro hac vice*)
Joshua L. Raskin (*pro hac vice*)
Julie P. Bookbinder (*pro hac vice* pending)
Jeffrey R. Colin (*pro hac vice*)
GREENBERG TRAURIG, LLP
MetLife Building, 200 Park Avenue
New York, NY 10002
Telephone: (212) 801-9200
Facsimile: (212) 801-6400
Email: bornsteins@gtlaw.com
Email: raskinj@gtlaw.com
Email: bookbinderj@gtlaw.com
Email: colinj@gtlaw.com

Robert P. Lynn, Jr.  (*pro hac vice*)
Katharine Smith Santos (*pro hac vice*)
LYNN GARTNER DUNNE, LLP
330 Old Country Road, Suite 103
Mineola, New York 11501
Telephone: (516) 742-6200
Email: rplynn@lgdlaw.com
Email: ksantos@lgdlaw.com
**Attorneys for Plaintiff Satco Products, Inc.**

8

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(i), I hereby certify that counsel for Satco conferred with counsel for Signify on May 21, 2021, regarding the subject matter of this Motion.

<u>/s/ Janis E. Clements</u><br>
Janis E. Clements

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was electronically filed with the Court and that all counsel of record who are deemed to have consented to electronic service in the above-referenced case are being served this 7th day of June 2021, with a copy of the above-document via the Court's CM/ECF System.

<u>/s/ Janis E. Clements</u><br>
Janis E. Clements