IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **SATCO PRODUCTS, INC.**<br>    *Plaintiff,*<br><br>*v.*<br><br>**SIGNIFY NORTH AMERICA CORP. and<br>SIGNIFY NETHERLANDS B.V.**<br>    *Defendants,*<br><br>    and<br><br>**SIGNIFY NORTH AMERICA CORP. and<br>SIGNIFY HOLDING B.V.**<br>    *Counterclaim-Plaintiffs,*<br><br>*v.*<br><br>**SATCO PRODUCTS, INC.**<br>    *Counterclaim-Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 6:21-CV-00146-ADA |

### ORDER GRANTING PLAINTIFF'S PARTIAL MOTION TO DISMISS COUNTERCLAIMS

Came on for consideration this date is Plaintiff's Partial Motion to Dismiss Counterclaims. After careful consideration of the Motion, the Parties' briefs, and the applicable law, the Court **GRANTS** Plaintiff's Partial Motion to Dismiss Counterclaims.

### I. INTRODUCTION

"When a plaintiff files a second complaint alleging the same cause of action as a prior, pending, related action, the second complaint may be dismissed." *Friends of the Earth, Inc. v. Crown Cent. Petroleum Corp.*, 95 F.3d 358, 362 (5th Cir. 1996). Signify North America Corp. and Signify Holding B.V. (collectively, "Signify") have asserted certain counterclaims against Satco Products Inc. ("Satco") in this Court that Signify is already asserting against Satco in another federal court. Satco moves to have those counterclaims dismissed under theories of claim-splitting and the first-to-file rule. The Court grants Satco's motion under the first-to-file rule.

1

## II. BACKGROUND

On October 30, 2019, Signify filed a complaint in the Eastern District of New York, accusing Satco of infringing seven Signify patents. *Signify v. Satco Prods. Inc.*, No. 2:19-cv-6125-JMA-SIL (the "First Action"), ECF No. 1. Satco filed the instant case against Signify on February 12, 2021, alleging three counts of patent infringement. ECF No. 1. Signify filed its Answer and Counterclaims on May 17, 2021. ECF No. 19. Signify's counterclaims included ten patent infringement claims against Satco. Seven of those patent infringement counterclaims, Counterclaims 7–13, are copied from Signify's October 2019 EDNY complaint.

## III. LEGAL STANDARD

Where two pending district court cases substantially overlap, the first-to-file rule provides that the second-filed court may exercise its discretion and refuse to hear the case. *See, e.g.*, *Cadle Co. v. Whataburger of Alice*, 174 F.3d 599, 603 (5th Cir. 1999). Importantly, district courts maintain broad discretion apply the first-to-file rule. *See, e.g.*, *Hart v. Donostia LLC*, 290 F. Supp. 627, 630 (W.D. Tex. 2018) (citing *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 407 (5th Cir. 1971) and *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183–84 (1952)); *see also Cadle Co.*, 174 F.3d at 603 (5th Cir. 1999) ("The first-to-file rule is a discretionary doctrine . . . .").

## IV. ANALYSIS

If Signify wanted to litigate its infringement claims in the WDTX, there are more suitable avenues to pursue than the one Signify chose. Signify could have moved to dismiss its EDNY claims and re-filed in this Court. Or Signify could have moved to transfer the EDNY case to this Court under 28 U.S.C. § 1404. It instead chose to invoke claim-splitting and the first-to-file rule by maintaining the same claims in two venues. That unorthodox choice suggests to the Court that Signify means to sidestep some procedural or jurisdictional hurdle associated with more conventional means. And because

Signify did not explain why it chose to proceed how it did, the Court is less disposed to exercise its discretion in disregarding the first-to-file rule.

There is no dispute that the first-to-file rule is relevant here. Signify has not argued, for example, that there is not substantial overlap between the instant case and the EDNY case. There is, therefore, little left for this Court to resolve. *Platt v. Nash*, No. 4:16-CV-00294, 2016 U.S. Dist. LEXIS 142265, 2016 WL 6037856, at *2 (E.D. Tex. Oct. 14, 2016) (As the second-filed court, the Court's limited role is to determine whether there is substantial overlap between the two suits."). As Signify acknowledges, when the first-to-file rule is invoked, the first-filed court should typically resolve the question of how to proceed. ECF No. 31 at 5–6 (citing *Cadle*, 174 F.3d at 606). And the Court is not convinced that any "compelling circumstances" justify departing from that course. *Hart v. Donostia LLC*, 290 F. Supp. 627, 633–34 (W.D. Tex. 2018) (quoting *Mann Mfg., Inc. v. Hortex*, 439 F.2d 403, 407 (5th Cir. 1971)).

Signify avers that this Court should rely on a § 1404(a) analysis to find compelling circumstances. But the task of analyzing those factors is best left to the first-filed court, which already has before it Signify's motion to transfer its claims to this Court under § 1404(a). Indeed, that pending EDNY motion and its briefing is likely more fulsome than the treatment the Parties gave the § 1404(a) analysis here. For those reasons, this Court refuses to consider Signify's § 1404(a) analysis. *See also Truinject Corp. v. Nestlé S.A.*, 2020 U.S. Dist. LEXIS 215392 (E.D. Tex. Nov. 18, 2020) ("Allowing the non-movant to bootstrap a § 1404 analysis to its response in opposition to a first-to-file motion would cause the Court to unduly encroach upon the domain of a sister court, thereby subverting the first-to-file rule and its purpose altogether."). Signify has not otherwise identified any interest compelling the Court to anticipate the EDNY's decision on Signify's motion to transfer.

The Court will accordingly grant Satco's partial motion to dismiss Signify's Counterclaims. *Burger v. Am. Mar. Officers Union*, 170 F.3d 184 (5th Cir. 1999) ("It was therefore within the district court's broad discretion to decline jurisdiction over Burger's claims, and to defer to the first-filed court

in order to avoid unnecessary litigation and the risk of an inconsistent result."); *BridgeLux, Inc. v. Cree, Inc.*, No. 9:06-CV-240, 2007 U.S. Dist. LEXIS 95476 (E.D. Tex. Feb. 5, 2007) (dismissing counterclaims of patent infringement without prejudice so they could be dealt with by the court in which a suit involving the patents was first-filed). The first-filed EDNY court can, by ruling on the motion to transfer before it, determine where Signify's patent infringement claims should proceed.[1]

## V. CONCLUSION

It is therefore **ORDERED** that Plaintiff's Partial Motion to Dismiss Counterclaims is **GRANTED**. Signify's Counterclaims 7–13 are **DISMISSED without prejudice,** to be dealt with by the court in which a suit involving the patents in those counterclaims was first-filed.

SIGNED this 14th day of September, 2021.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

---

[1] The Court will not transfer this case to the first-filed EDNY court, *but cf. Cadle*, 174 F.3d at 606, as that would prejudice Satco by delaying the swift resolution of Satco's claims currently before this Court.